STATE OF MARYLAND VS. LARRY THOMAS, JR.
April 21, 2000 BEFORE JUDGE WANDA KEYES-HEARD

| | | |
|---|---|---|
| STATE OF MARYLAND | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| V | * | FOR |
| LARRY THOMAS, JR. | * | BALTIMORE CITY |
| Defendant | * | 800083009 |

* * * * * * * * * * * *

TRANSCRIPT OF OFFICIAL PROCEEDINGS

-- -- -- -- --

BEFORE:   THE HONORABLE WANDA KEYES-HEARD, Judge

-- -- -- --

HEARING DATE:   April 21, 2000

-- -- -- -- --

APPEARANCES:

For the Plaintiff: Cynthia Banks, Esquire

For the Defendant: Edward Ashmond, Esquire

Transcriptionist:   Kelly A. Taylor

Transcription
  Service:         ACCUSCRIBES TRANSCRIPTION SERVICE
                   Heaver Plaza
                   1301 York Road, Suite 601
                   Lutherville, Maryland 21093
                   410-385-1882 Fax: 410-385-1883

Proceedings recorded by cassette tape without video,
transcript produced by t[ranscription service]

DEFENDANT'S EXHIBIT NO. 2
CASE NO. RDB-06-0449
IDENTIFICATION: 11/18/09
ADMITTED: 11/18/09

ACCUSCRIBES TRA[NSCRIPTION]
410-385-1882

STATE OF MARYLAND VS. LARRY THOMAS, JR.
April 21, 2000 BEFORE JUDGE WANDA KEYES-HEARD

| | | | | |
|---|---|---|---|---|
| TABLE OF CONTENTS | | | | |
| WITNESSES: | D | C | RD | RC |
| Plaintiff: | | | | |
| None called. | | | | |
| Defendant: | | | | |
| None called. | | | | |
| EXHIBITS: | MARK | ID | RECD | |
| Plaintiff: | | | | |
| None offered. | | | | |
| Defendant: | | | | |
| None offered. | | | | |

STATE OF MARYLAND VS. LARRY THOMAS, JR.
April 21, 2000 BEFORE JUDGE WANDA KEYES-HEARD

```
 1                    PROCEEDINGS
 2              (On the record - 12:00:00)
 3         MR. ASHMOND: Your Honor, for the record, Edward
 4   Ashmond of the Public Defender on behalf of Mr. Thomas.
 5   I've discussed the offer from the bench with him and he
 6   accepts it.
 7         THE COURT: Which number is it?
 8         MS. BANKS: This is the case ending in 011, the
 9   one he's pleading to.
10         THE COURT: 011.  Charging assault in the second-
11   degree.
12         MS. BANKS: Yes ma'am.
13         THE COURT: Mr. Thomas, let me explain to you
14   what this offer is.  In exchange for your plea of guilty
15   to the assault that occurred on February 17, the Court is
16   going to offer you Probation Before Judgment.  That means
17   there will be not a guilty finding on your record, you
18   will be put on probation to this Court for five years.
19   Understand this, you will have no criminal record as a
20   result of this plea.  You will be required to participate
21   in House of Ruth counseling and also participate in anger
22   management counseling.  You will be required to pay a
23   $1,000 fine plus the cost of this proceeding.  And over
24   the five years, you will also have to do 500 hours of
25   community service.
```

STATE OF MARYLAND VS. LARRY THOMAS, JR.
April 21, 2000 BEFORE JUDGE WANDA KEYES-HEARD

1  Now, if this is acceptable to you, you will have to
2  accept Probation Before Judgment.  At the appropriate time
3  I'll ask if you wish to accept it because there won't be a
4  guilty finding on your record.  But I need you to
5  understand this, the advantage is you have no record.  The
6  disadvantage is if you violate your probation, if you get
7  in a fight with the victim, who I understand is the mother
8  of your children, is that right?
9      MR. THOMAS: Yes.
10     THE COURT: If you get in a fight with her, you
11 put her hands on her for the next five years and you're
12 convicted of that, I'm going to send you to jail for 10
13 years.  No ifs, ands, or buts about it.  When you finish
14 talking and they finish telling me about the conviction,
15 you are going to go to jail for 10 years.  Do you
16 understand?
17     MR. THOMAS: Yes ma'am.
18     THE COURT: You can't put your hands on her
19 anymore.  If you get convicted of putting your hands on
20 anyone else, or you use some drugs and you get convicted
21 of that, or you get convicted driving, speeding, driving
22 under the influence of alcohol, basically for the next
23 five years you're going to behave yourself and stay out of
24 trouble.  If you do that, you'll have no criminal record
25 and you won't have a problem with me.  But if you come

STATE OF MARYLAND VS. LARRY THOMAS, JR.
April 21, 2000 BEFORE JUDGE WANDA KEYES-HEARD

1  back in here on a conviction, when you're finished
2  talking, I'm going to send you to jail.  If that Probation
3  Before Judgment is acceptable to you, if you think you
4  could do that, the deal is good for you, you'll have no
5  record.
6      You'll get anger management counseling, you'll get
7  counseling through the House of Ruth.  And you know what,
8  that will be good for your family too.  You'll pay a
9  $1,000 fine and you'll do some community service, that
10 will be good for the community.  If you think you can do
11 that, you raise your right hand, listen to the clerk as
12 she swears you in.
13     (The Defendant is duly sworn, according to law, and
14 testifies as follows:)
15         CLERK: You may lower your hand.  I need you to
16 speak up.
17         MR. THOMAS: Yes.
18         CLERK: State your name and address for the
19 record please.
20         MR. THOMAS: Larry Thomas, Jr., my address is
21 1626 McCullough Street.
22         CLERK: Is that a house or an apartment sir?
23         MR. THOMAS: Apartment.
24         CLERK: Apartment number?
25         MR. THOMAS: Second floor.

STATE OF MARYLAND VS. LARRY THOMAS, JR.
April 21, 2000 BEFORE JUDGE WANDA KEYES-HEARD

```
 1            CLERK: Zip code?
 2            MR. THOMAS: 21217.
 3            CLERK: And your date of birth?
 4            MR. THOMAS: 8/2/73.
 5            CLERK: Thank you.
 6            THE COURT: You're 23?
 7            MR. THOMAS: I'm 26.
 8            THE COURT: You're 26, okay.  My mistake.  You
 9  went how far in school?
10            MR. THOMAS: Oh, I got an AA in accounting.
11            THE COURT: AA in accounting?
12            MR. THOMAS: Yes.
13            THE COURT: Then you can read and write.
14            MR. THOMAS: Yes ma'am.
15            THE COURT: Are you under the influence of drugs
16  or alcohol today?
17            MR. THOMAS: No ma'am.
18            THE COURT: Have you ever been a patient in a
19  mental institution?
20            MR. THOMAS: No ma'am.
21            THE COURT: Under the care of a psychiatrist?
22            MR. THOMAS: No ma'am.
23            THE COURT: Are you on parole or probation for
24  anything?
25            MR. THOMAS: I was on probation.
```

STATE OF MARYLAND VS. LARRY THOMAS, JR.
April 21, 2000 BEFORE JUDGE WANDA KEYES-HEARD

```
 1            THE COURT: Probation for what?
 2            MR. THOMAS: CDS.
 3            THE COURT: When did that happen?
 4            MR. THOMAS: February.
 5            THE COURT: February of what year?
 6            MR. THOMAS: This year.
 7            THE COURT: That's when they put you on
 8   probation? One moment. Let's take a plea to the
 9   11/26/99. What's the case ending number?
10            CLERK: Judge, I don't know. I'll have to go
11   through the file.
12            THE COURT: I need you to that. Or the 9/19/99.
13            CLERK: 11/26 is a better case, let's try that.
14   The 11/26/99 is the 009 case.
15            THE COURT: 009. 800083009. Is that right?
16            CLERK: Yes.
17            THE COURT: Stand up Mr. Thomas.
18            MR. THOMAS: Yes ma'am.
19            THE COURT: And instead of pleading guilty, you
20   have four cases. If you were to plead guilty to the one
21   that occurred on February 17, you will be violating your
22   probation. And I will not then put you on another
23   probation when you're violating a probation. So the
24   incident that we will use is the November 26, 1999 which
25   pre-dates your probation, do you understand?
```

STATE OF MARYLAND VS. LARRY THOMAS, JR.
April 21, 2000 BEFORE JUDGE WANDA KEYES-HEARD

```
 1          MR. THOMAS: Yes ma'am.
 2          THE COURT: That means as a result of pleading
 3  guilty today you will not violate your probation because
 4  the incident happened before you were placed on probation,
 5  do you understand?
 6          MR. THOMAS: Yes ma'am.
 7          THE COURT: Do you understand that the maximum
 8  penalty for that is still 10 years, do you understand
 9  that?
10          MR. THOMAS: Yes ma'am.
11          THE COURT: All right. Now, do you also
12  understand that you would have a right to a jury trial?
13          MR. THOMAS: Yes ma'am.
14          THE COURT: Do you know what a jury trial is?
15          MR. THOMAS: Yes.
16          THE COURT: What is it?
17          MR. THOMAS: It's a trial of your peers where
18  they decide whether you're guilty or not guilty.
19          THE COURT: Do you understand that you're not
20  going to have a jury trial?
21          MR. THOMAS: Yes.
22          THE COURT: Do you know that you could have a
23  Court trial?
24          MR. THOMAS: Yes.
25          THE COURT: What's a court trial?
```

STATE OF MARYLAND VS. LARRY THOMAS, JR.
April 21, 2000 BEFORE JUDGE WANDA KEYES-HEARD

1    MR. THOMAS: A trial before you.
2    THE COURT: That's right. I alone would decide
3  the case, I alone would have to find you guilty beyond a
4  reasonable doubt and to a moral certainty. But do you
5  understand that you're not going to have a court trial
6  today?
7    MR. THOMAS: Yes ma'am.
8    THE COURT: Do you also understand that no
9  witnesses will be called?
10   MR. THOMAS: Yes ma'am.
11   THE COURT: You also understand that you will not
12 get a chance to ask any of those witnesses questions?
13   MR. THOMAS: Yes ma'am.
14   THE COURT: Do you also understand that if you
15 wanted to, that you could have produced witnesses and if
16 they didn't show up, that a summons could be issued or I
17 could issue a warrant and have them arrested and brought
18 in, do you understand that's not going to happen either
19 because you're pleading guilty?
20   MR. THOMAS: Yes ma'am.
21   THE COURT: You also understand that you have
22 raised your right hand and agreed to answer my questions,
23 correct?
24   MR. THOMAS: Yes ma'am.
25   THE COURT: Which means you've waived your right

STATE OF MARYLAND VS. LARRY THOMAS, JR.
April 21, 2000 BEFORE JUDGE WANDA KEYES-HEARD

1   to remain silent, do you understand that?
2           MR. THOMAS: Yes ma'am.
3           THE COURT: You also understand that you could
4   have challenged things using your constitutional defenses,
5   things that might have happened when you were arrested,
6   things that might have happened, things, statements that
7   you might have made during the arrest. There are a number
8   of other constitutional challenges that you could have
9   asserted. But by pleading guilty today, you waive your
10  right to do that. Do you understand that?
11          MR. THOMAS: Yes ma'am.
12          THE COURT: You also understand that the facts of
13  this case will be read into the record by Ms. Banks, she's
14  going to tell me what happened. But you understand that
15  those facts are going to be what I use to rely on, not
16  anything you say. Do you understand that?
17          MR. THOMAS: Yes ma'am.
18          THE COURT: Anybody threatened you, coerced you,
19  or forced you in any way to get you to plead guilty?
20          MR. THOMAS: No ma'am.
21          THE COURT: Other than my promise to give you
22  Probation Before Judgment, anybody promise you anything?
23          MR. THOMAS: No ma'am.
24          THE COURT: Do you understand my promise and
25  (inaudible) is to place you on probation for a period of

STATE OF MARYLAND VS. LARRY THOMAS, JR.
April 21, 2000 BEFORE JUDGE WANDA KEYES-HEARD

```
 1   five years during which time I want ensure that you don't
 2   place your hands on anyone else.  And if you do, if you
 3   can't keep your hands off, that you got to jail.  Do you
 4   understand that?
 5          MR. THOMAS: Yes ma'am.
 6          THE COURT: Now, back in November when you were
 7   at 1122 Homestead in Baltimore, something happened
 8   involving some beer.  Do you want to tell me about it?
 9          MR. THOMAS: I threw beer in a (inaudible).
10          THE COURT: And you know you said some things
11   that basically made her feel as though you were going to
12   hurt her physically, put your hands on her, you threatened
13   her, right?
14          MR. THOMAS: Yeah, I did.
15          THE COURT: Okay.  You understand you're not
16   supposed to do that?
17          MR. THOMAS: Yes ma'am.
18          THE COURT: All right.  Do you still want me to
19   accept this plea?
20          MR. THOMAS: Yes.
21          THE COURT: You don't have any grounds to appeal.
22   You don't have any right to appeal because there is no
23   guilty finding on your record.  Do you understand that if
24   you had a guilty finding on your record you could appeal?
25          MR. THOMAS: Yes ma'am.
```

STATE OF MARYLAND VS. LARRY THOMAS, JR.
April 21, 2000 BEFORE JUDGE WANDA KEYES-HEARD

```
 1        THE COURT: But you can't appeal because I'm not
 2   going to put that guilty finding on your record.  I'm
 3   going to hold it in my hand for a period of five years.
 4   If you violate my probation, I'm going to put that guilty
 5   finding on your record.  Then you will have four grounds
 6   of appeal; jurisdiction, illegal sentence, the competency
 7   of your lawyer, and the voluntariness of this plea.  And I
 8   can tell you right now you wouldn't win because I have
 9   jurisdiction over this location and you, I have told you
10   what the maximum penalty is and I'll tell you if I violate
11   your probation, I'm not going to give you more than 10
12   years in jail.  Your attorney has been extremely competent
13   because you had four cases, the State wanted you to go to
14   jail for at least two years, and you're getting Probation
15   Before Judgment.  So he's done a pretty good job for you,
16   wouldn't you agree?
17        MR. THOMAS: Yes ma'am.
18        THE COURT: And also I can tell you that this
19   plea is extremely voluntary.  You are articulate, you are
20   intelligent, you've answered all these questions.  And for
21   the record, you're looking at me straight eyes and I know
22   your understand what it is I'm doing, don't you?
23        MR. THOMAS: Yes ma'am.
24        THE COURT:
25             And so I can tell you if I put the
```

STATE OF MARYLAND VS. LARRY THOMAS, JR.
April 21, 2000 BEFORE JUDGE WANDA KEYES-HEARD

1  guilty finding on your record, and that will be only if
2  you do what?
3          MR. THOMAS: Put my hands on her or anybody else.
4          THE COURT: That's right.  Or violate the law.
5          MR. THOMAS: Then I will get 10 years.
6          THE COURT: That's right.  And you know I'm
7  serious about that?
8          MR. THOMAS: Yes, I know.
9          THE COURT: Okay, very well.  And so only then
10 will you have a right to an appeal.  And I can tell you
11 that I believe you would lose if you tried to appeal.
12 Right now I'd like you to have a seat.  Because now Ms.
13 Banks is going to tell me the facts that support the
14 guilty finding.
15         MS. BANKS: Thank you Your Honor.  It's agreed to
16 be true that on November 26, 1999, at 1122 Homestead in
17 Baltimore City, State of Maryland, the Defendant came over
18 to the victim's home.  At that time the victim went
19 downstairs to see what the Defendant wanted.  He said; get
20 your coat, the victim said no.  He said; get your coat,
21 let's go.  The victim stated (inaudible) she didn't want
22 to go walking in the rain.  At that time the Defendant
23 then said; you know, who bought you the cell phone and
24 began to argue.  At that time the Defendant then called
25 the victim a bitch and threw a large cup of beer into her

STATE OF MARYLAND VS. LARRY THOMAS, JR.
April 21, 2000 BEFORE JUDGE WANDA KEYES-HEARD

```
 1   face and then slapped the victim in the face.
 2        If the victim were to testify, she would identify the
 3   Defendant (inaudible) and did in fact slap her without her
 4   permission.  All events occurred in Baltimore City, State
 5   of Maryland.  And that would be the State's case Your
 6   Honor.
 7        MR. ASHMOND: No additions or corrections Your
 8   Honor.
 9        THE COURT: Stand up sir.  Your decision to plead
10   guilty is indeed an intelligent one.  With a full
11   understanding of the rights and privileges that you give
12   up by pleading guilty, I accept your guilty plea.
13        MS. BANKS: Your Honor, as to the other charges,
14   they'll be closed by - -
15        THE COURT: One minute.
16        MS. BANKS: I'm sorry.
17        THE COURT: Any additions or corrections to the
18   Statement of Facts?
19        MR. ASHMOND: No Your Honor.
20        THE COURT: And with that said, I technically
21   find you guilty.  But I'm going to hold onto that guilty
22   finding for a period of five years.  During the course of
23   that five years, I'm entering a Probation Before Judgment
24   and you will have the following conditions; House of Ruth
25   counseling, anger management, 500 hours of community
```

STATE OF MARYLAND VS. LARRY THOMAS, JR.
April 21, 2000 BEFORE JUDGE WANDA KEYES-HEARD

1  service, a $1,000 fine, plus the costs. You'll have to
2  pay the costs and fees associated with your supervision.
3  And do we need a stay away order, are they together, or
4  what?
5           MR. ASHMOND: They're together.
6           THE COURT: Let me tell you something. I don't
7  know if you're together or not and I don't know if you're
8  going to work it out. But I'll tell you this, if she says
9  no and go away, telephone harassment is a crime. If you
10 follow her and she happens to go outside the State of
11 Maryland, that's a Federal crime called stalking. You
12 need to understand me clearly. If you put your hands on
13 that woman, harass her, or cause her any problem, I am
14 going to put you in jail for 10 years. And you can ask my
15 staff whether I'm serious or not because they'll tell you.
16 I had a man who left the State, I told him don't leave the
17 State, he's doing 10 years for violating my conditions of
18 probation. Do you understand?
19          MR. THOMAS: Yes ma'am.
20          THE COURT: Do you wish to accept Probation
21 Before Judgment?
22          MR. THOMAS: Yes ma'am.
23          THE COURT: Very well. Advise him of his limited
24 right to file a motion for reconsideration of sentence.
25          MR. ASHMOND: Okay. Mr. Thomas, you have an

STATE OF MARYLAND VS. LARRY THOMAS, JR.
April 21, 2000 BEFORE JUDGE WANDA KEYES-HEARD

```
 1  absolute right, although you should not exercise it, to
 2  file a motion within 90 days of today's date asking Judge
 3  Heard to reconsider her decision to give you Probation
 4  Before Judgment with these attached conditions.  You have
 5  received Probation Before Judgment, so you have no appeal
 6  rights because you have no verdict.  Do you understand
 7  that?
 8          MR. THOMAS: Yes.
 9          MR. ASHMOND: And you could file and ask her to
10  change the conditions that came with the PBJ, that would
11  have to be done within 90 days in writing in a motion to
12  the Clerk for the Circuit Court For Baltimore City
13  Criminal Division, do you understand that?
14          MR. THOMAS: Yes sir.
15          MR. ASHMOND: Do you wish to accept the Probation
16  Before Judgment?
17          MR. THOMAS: Yes sir.
18          THE COURT: For the record, the State opposes
19  Probation Before Judgment.  I want the State and the
20  record to be clear, I understand that.  I have my reasons
21  for doing what I'm doing, I think that it's in the best
22  interest of everyone to make sure that he is supervised.
23  I also want the officer to know, you're in that area.
24  Tell me you see him with his hands on her, around his
25  throat, whatever.  You just call probation, I'll issue a
```

STATE OF MARYLAND VS. LARRY THOMAS, JR.
April 21, 2000 BEFORE JUDGE WANDA KEYES-HEARD

```
 1  warrant for him.  Do you understand?
 2          MALE VOICE: I've read the warrants myself ma'am,
 3  yes.
 4          THE COURT: No.  I'm just saying, I can issue the
 5  bench warrant for him if he's convicted of anything or not
 6  on violation of my probation, do you understand?
 7          MALE VOICE: Yes ma'am.
 8          THE COURT: Now you see, he's going to let
 9  everybody on the post know about you, he's going to let
10  everybody know.  Don't throw anything, a man takes a walk.
11  If she pisses you off, take a walk.  Take a walk.  She
12  comes at you, don't hit her, take a walk.  She's yelling
13  and screaming and you think you might get into it with
14  her, take a walk.  Do you understand?
15          MR. THOMAS: Yes ma'am.
16          THE COURT: Very well.  Have a seat, there's some
17  papers for you to sign.
18          MS. BANKS: Your Honor, as to the other counts on
19  this particular case, they're closed by operation of law.
20  That's the telephone misuse counts and the assault case.
21  As to the remaining there cases, the State would offer the
22  Defendant stets in those three cases.
23          THE COURT: Please advise your client as to what
24  the stet is.
25          MR. ASHMOND: All right.  Now, the State's
```

STATE OF MARYLAND VS. LARRY THOMAS, JR.
April 21, 2000 BEFORE JUDGE WANDA KEYES-HEARD

1  Attorney, you have three remaining cases. They end in the
2  number 3010, 3011, 3012. As to each of those cases, the
3  State's Attorney's offering you a stet. That is an
4  indefinite postponement of the cases. The cases would be
5  put on the shelf. As a practical matter, you will not
6  hear of them again. However, for one year, you or the
7  State can reopen those stets for any reason. After one
8  year, they can only be reopened for good cause shown to a
9  judge who would then sign an order to reopen the case.
10 After three years you can petition the Court to erase
11 those stets from your record. Do you understand that?
12         MR. THOMAS: Yes sir.
13         MR. ASHMOND: Do you wish to accept a stet as to
14 each of those cases?
15         MR. THOMAS: Yes.
16         THE COURT: You'll have to sign the folder, I'll
17 sign the folder, and the stet will be entered.
18         MR. ASHMOND: Thank you Your Honor.
19     (Off the record)
20
21
22
23
24
25

STATE OF MARYLAND VS. LARRY THOMAS, JR.
April 21, 2000 BEFORE JUDGE WANDA KEYES-HEARD

TRANSCRIBER'S CERTIFICATE

This is to certify that the proceedings in the matter of State of Maryland versus Larry Thomas, Jr., case numbers 800083009 heard in the Circuit Court for Baltimore City on April 21, 2000, was recorded on cassette tape without video.

I hereby certify that the proceedings, herein contained were transcribed by me or under my direction. That said transcript is a true and accurate record to the best of my ability and constitutes the official transcript thereof.

In witness thereof, I have hereunto subscribed my name this on November 6, 2009.

*Sherry R. Miller* (signature)

Sherry R. Miller, President